Lipscomb, J.
The clerk of the District Court for the county of Bexar, to a rule upon him issued under the order of one of the judges of tiiis court (o show cause why a mandamus should not issue to him requiring him to take and receive the bond tendered to him as an appeal bond from the judgment of the said District Court, has shown cause, and now, by his counsel, asks (o be discharged on two grounds: first, that it is not a case, as made, out by (lie relator, in which the writ of mandamus should or could be legally issued; and, secondly, that if the case as presented would authorize the issuance of the mandamus, yet his answer is a full and sufficient one in law,,and the rule should be discharged.
It ivas said by this court, in discussing the grounds on which a mandamus could issue, “It is an undoubted principle of law that this writ will not issue “ against a public officer, unless to compel the performance of an act clearly “ defined and enjoined by law, and which is therefore ministerial in its nature, “ and neither involves any discretion nor leaves any alternative. (Glasscock v. Commissioner of the General Laud Office, 3 Tex. R., 53; 12 Pet. R., *127 524; 14 Pet. R., 514; 3 How. R., 100.) The same rule is laid down by the court iu Cullem’s Administrator v. Latimer, 4 Tex. R., 329, and iu the case of the Commissioner of the General Land Office v. Smith, 5 Tex. R., 478, 479.) Tlie language of this court is: “ It has been, however, by a series of decisions “in tlie Supreme Court of the United States, decided that a mandamus v/'úl “ issue to an officer of the government only when the duty to be performed is “ mini-terial in its character; but that where there is imposed upon tlie officer “by law a duty requiring the exercise1 of judgment or discretion, a mandamus “ will no! ID to control the exercise of Unit (ii.scretion. (12 Pet. R., 524, 609; “14 Id., 497; 7 Cranch, 504; 6 Wheaton, 598; 6 Howard, 92, 101; Board of “Land Commissioners v. Bell, Dallam, 366.) Respecting the general rule there “does not appear to have been any question, but the difficulty has been iu “ nniking ils application to particular cases, aud determining in such cases what “ acts are (o be. considered as merely ministerial and what not. Tlie distinction “ between ministerial and judicial and ol.lier official acts seems to be that, where “ the law prescribes and defines the duly to be performed with such precision “ and certainty as to leave nothing to (lie exercise of discretion or judgment “ in determining whether the duty exists, it is not to be deemed merely minis- “ terial.’’
There can be no doubt that tlie settled doctrine of this court is, that if the officer is requireijsto exercise his judgment or discretion in the discharge of any portion of his duties, so far as relates to those duties the mandamus will not lie to control such exercise of liis judgment or discretion. The clerk is required to take and approve of an appeal or writ-of-error bond, and se'nd up to this court a complete transcript of the record of the case, as it is of record ill the District Court. (Hart. Dig., art. 789.) If, after taking tlie bond, the cleric should fail or refuse to send up a transcript of tlie record, tlie writ of mandamus would lie, because he would have exercised and discharged the only discretion reposed in him by the law; aud what remained, tlie sending up ¡i transcript of the record, would be purely a ministerial act, iu which lie would have nothing to exercise his judgment upon. The ground upon which tlie relator in this case rested his application for the writ is the refusal of the clerk to accept the bond, although it was a sufficient bond that was tendered to him. How it is very clear that the question of the sufficiency of the bond tendered was a question for the exercise of tlie judgment of the clerk. Tlie law has imposed that duty upon him and not upon the appellate tribunal. If he wantonly disregards tlie duty required of him lie will be guilty of a malfeasance in office, and the remedy will lie against him for it at'the instance of the party injured, but not by tlie writ of mandamus. Tlie sufficiency of the security tendered is always a question of fact, and cannot well be tried by tlie appellate court, organized, as it is, without a jury. In this respect tlie powers of this court are more circumscribed than the court of King’s Bench; for, although that court was a court of appellate or revisionary jurisdiction, it could at all times impanel a jury to try a contested fact.
It would seem, from the views we have expressed, that the relator has failed to show a sufficient ground for the writ of mandamus, and that the rule should be discharged. This would have been the result, however, if we had been of tlie opinion that the petition showed sufficient ground for a mandamus, because the answer of tlie clerk is full and satisfactory, and establishes beyond all controversy that tlie clerk, so far from having been guilty of a malfeasance in office, has only faithfully discharged the duty required of him by the law; and had he acted otherwise, he would have wholly disregarded the rights of other parties inteuded by the law to be secured by a good'and sufficient bond.
We think, therefore, that tlie rule should be discharged and dismissed at the costs of the relator.