## Cayce v. City of Hopkinsville, et al.

(Decided December 14, 1926.)

## Appeal from Christian Circuit Court.

1. Automobiles—City Held Authorized to Adopt Zoning Ordinance Regulating Location of Filling Stations (Kentucky Statutes, Section 3290, subdivisions 15, 16).—Kentucky Statutes, section 3290, subdivisions 15, 16, held to authorize city to adopt zoning ordinance regulating construction of gasoline filling stations.

2. Automobiles—Ordinance, Prohibiting Filling Stations Within 100 Feet of Church or School, Held Not Unreasonable.—Municipal zoning ordinance, prohibiting erection of gasoline filling stations within 100 feet of any church or school in any residential district, held not unreasonable.

3. Municipal Corporations—Council's Discretion in Zoning Matters will Not be Controlled, Unless Abused (Kentucky Statutes, Section 3290).—Kentucky Statutes, section 3290, was intended to confer on common council of city a discretion in matter of zoning ordinances, which will not be interfered with unless abused.

4. Constitutional Law—Zoning Ordinance Held Not Invalid as to One who had Previously Instituted Suit to Compel Issuance of Permit to Erect Filling Station.—Zoning ordinance, as applied to one who before its adoption had applied for and instituted mandamus proceeding to compel issuance of permit to erect gasoline filling station, held not invalid.

SELDON Y. TRIMBLE for appellant.

IRA D. SMITH for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

C. H. Cayce owned a lot in Hopkinsville on the northwest corner of Main and Thirteenth streets. The Standard Oil Company proposed to purchase the lot at a price agreed on between them if a permit could be obtained from the city for the erection on the lot of a filling station. Cayce and the agent of the Standard Oil Company went before the city authorities and presented an application for the permit. The application was refused on February 9, 1926. On May 18, 1926, Cayce filed this action for a mandamus against the city authorities compelling them to issue the permit, and on that day gave notice that he would on June 7, which was the first day of the next term of the circuit court, enter a motion for the

mandamus. After the suit was filed and before June 7, the city passed an ordinance zoning the city, providing, in substance, that oil stations might be established anywhere in the business section of the town as defined by the ordinance, but that they should not be established in the residential section of the town as therein defined within one hundred feet of any church or school. Cayce's lot was just across the street from the Methodist church and within less than a hundred feet from it. The circuit court on the hearing of the motion for a mandamus dismissed the petition. Cayce appeals.

It is insisted for the appellant that the city was without power to pass a zoning ordinance of this kind. By section 3290, Kentucky Statutes, the common council of the city is given power by ordinance, "to regulate the storage . . . of coal oil, lime and other combustible, explosive of inflammable material," subsection 15, also "to make all police regulations, to secure and protect the general health, comfort, convenience, morals and safety of the public," subsection 16.

Gasoline is a highly inflammable substance; it is also a dangerous explosive. The regulation of such business within the city clearly falls within the police power as defined in the statute above quoted.

It is also insisted that the ordinance is unreasonable. But such a filling station as shown by the evidence would seriously interfere with the services at a church or school within one hundred feet of it, and the children especially would be more or less in danger in passing to and fro from such a filling station. The purpose of the statute is to confer on the common council a discretion in such matters, and that discretion will not be controlled here unless clearly abused. That is not this case. Sustaining a like ordinance the U. S. Supreme Court, in Village of Euclid, Ohio, v. Ambler Realty Co., decided November 22, 1926, said:

> "Building zone laws are of modern origin. They began in this country about twenty-five years ago. Until recent years, urban life was comparatively simple; but with the great increase and concentration of population, problems have developed, and constantly are developing, which require, and will continue to require, additional restrictions in respect of the use and occupation of private lands in urban

communities. Regulations, the wisdom, necessity and validity of which, as applied to existing conditions, are so apparent that they are now uniformly sustained, though a century ago, or even half a century ago, they probably would have been rejected as arbitrary and oppressive. Such regulations are sustained, under the complex conditions of our day, for reasons analogous to those which justify traffic regulations, which, before the advent of automobiles and rapid transit street railways would have been condemned as fatally arbitrary and unreasonable. And in this there is no inconsistency, for while the meaning of constitutional guaranties never varies the scene of their application must expand or contract to meet the new and different conditions which are constantly coming within the field of their operation. In a changing world, it is impossible that it should be otherwise.''

Lastly, it is insisted that the ordinance is unconstitutional because it was passed after Cayce brought his suit for the mandamus and the following Kentucky cases are relied on:

In Gaines v. Gaines, 9 B. M. 295, the wife had brought a suit against the husband for alimony. After the suit was brought the husband went before the legislature and obtained from it a special act divorcing him from his wife. It was held that this would not bar the wife in the suit that she had brought. The wife by reason of the marriage had acquired a right to alimony and the legislature was without power to take this away from her.

In Allison v. Louisville Railway Co. bonds had been issued by a precinct of Jefferson county under an act of the legislature without complying with the provisions of the act. After the bonds were issued a special act of the legislature was obtained validating the bonds which were void under the original act. The second act was held void, for it simply created a contract where none had existed before.

In Thweatt v. Bank of Hopkinsville, the appellant had possession of a tract of land claiming it as his own, and as the record stood when the action was brought he could have successfully resisted the recovery of the land. Pending the action a special act was passed depriving him of this defense. The act was held unconstitutional,

for it simply took from Thweatt the land which he had a right to hold before the act was passed.

None of these cases involved the exercise of the police power, which is all that is involved here. The ordinance here is simply a police regulation necessary for the safety and well-being of the people of the city. Everyone holds his property subject to the proper exercise of the police power of the state. Cayce had no right to erect a filling station on his lot without a permit from the city. It had the power to provide by a proper ordinance when such permits should be isused. The ordinance interfered with no vested right of Cayce as did the acts above referred to. The exercise of the police power in such matters is essential to the well-being of the city, and the circuit court was without power to command the city officers to issue a permit which was forbidden by law.

Judgment affirmed. Whole court sitting.