**CITY OF SAN ANTONIO et al. v. RUBIN et al.**

No. 5721.

Circuit Court of Appeals, Fifth Circuit.

June 25, 1930.

T. D. Cobbs, Jr., C. K. Quin, and Joseph Ryan, City Atty., all of San Antonio, Tex., for appellants.

R. J. McMillan, of San Antonio, Tex. (J. C. Hall, of Edinburg, Tex. and Terrell, Davis, McMillan & Hall, of San Antonio, Tex., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge.

The city of San Antonio has an ordinance which prohibits the construction or operation of "drive-in" filling stations for the sale of gasoline, oil, and other automobile supplies, absolutely within the first or inner fire limits, and without a permit outside or beyond those limits. The city commissioners, five in number, are required to consider an application for a permit which in their discretion they may grant or refuse. They are authorized to refuse a permit if in their opinion "the safety, the health, the comfort, the convenience, the order, or the good government of the City will be adversely affected by the granting of said permit." A "drive-in" filling station is defined to be one which automobiles can enter or depart from only by being driven across the sidewalk. In other words, it is inside the property line with the sidewalk between it and the street pavement. After that ordinance was adopted, appellees applied to the city commissioners for a permit to construct and maintain a drive-in filling station on a corner lot which they owned, but the commissioners denied their application. Thereupon appellees brought this suit to enjoin the city and its officials from preventing them from constructing a filling station on their lot, on the grounds that the ordinance was unconstitutional, and that the action of the city commissioners in denying their application was arbitrary and discriminatory. The district judge did not pass upon the validity of the ordinance, but held with appellees on the second ground, and granted a perpetual injunction as prayed for.

The evidence for both sides was in the form of affidavits. Appellees, their attorney, and a real estate agent who represented them in leasing their lot for a filling station, gave it as their opinion that filling stations of the same kind had been erected and were being operated under city permits at locations where traffic conditions and use of property for residential as distinguished from business purposes were similar to those that existed in the locality of appellees' lot. Appellees and their attorney also stated that Wright, commissioner of fire and police, admitted that he had refused to recommend approval of the petition for the permit, for the reason that some of the property owners in the neighborhood had protested against granting it. In that statement they were contradicted by Wright, and there is no evidence that the other four commissioners were influenced by objections or protests of property owners. Wright also in his affidavit pointed out in

detail substantial differences in conditions that existed between appellees' lot and lots in other localities as to traffic conditions and the use of property for similar purposes. The other four commissioners stated that from their investigations and knowledge of the various localities where filling stations existed none had been permitted where conditions were such as prevailed in the vicinity of appellees' property. It was quite conclusively shown by affidavits submitted on behalf of the city that the city commissioners could fairly have denied the application of appellees in the exercise of the discretion conferred upon them by the ordinance.

█ It is argued in behalf of appellees that arbitrary action by the city is authorized by the ordinance and was exercised by the city authorities in violation of the due process and equal protection clauses of the Fourteenth Amendment. By the city charter the city is given exclusive control over streets and sidewalks, and the city commissioners are given power by ordinance to make rules and police regulations that are permitted by the state Constitution. We are satisfied that the ordinance is not subject to the constitutional objections which are urged against it. The authority to exercise police power must be lodged in some public official or body, Fischer v. City of St. Louis, 194 U. S. 361, 24 S. Ct. 673, 48 L. Ed. 1018; and it is no objection that any particular fact upon which it must rest is not enumerated, Western Union Telegraph Co. v. City of Richmond, 224 U. S. 160, 32 S. Ct. 449, 56 L. Ed. 710. That a city may be given the police power to regulate the use of its streets in the interest of the public welfare is no longer open to question. Euclid v. Ambler, 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016; Standard Oil Co. v. City of Marysville, 279 U. S. 582, 49 S. Ct. 430, 73 L. Ed. 856. The cases of Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220, and Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387, are not in conflict, but merely furnish illustrations of attempts arbitrarily to exercise the police power.

█ In our opinion, the evidence of appellees falls far short of supporting the inference that the action taken by the city commissioners in refusing a permit was arbitrary or discriminatory. There is a presumption of law that public officials do their duty, and the burden of overcoming that presumption by clear and convincing evidence is upon the complaining party. Des Moines Gas Co. v. City of Des Moines, 238 U. S. 153, 35 S.

Ct. 811, 59 L. Ed. 1244. It follows that the burden was on appellees to show that the city commissioners had abused their discretion. This, in our opinion, they failed to do. Their affidavits go no further than to express the opinion that the commissioners had discriminated against them in their refusal to grant a permit. They failed to submit facts which would sustain their opinion. There is no evidence from which it reasonably can be determined that the action of the commissioners was arbitrary or discriminatory. The commissioner of fire and police denied the charge made against him that he would recommend the refusal of any permit whenever the property owners in the vicinity objected or protested, and, so far as appears, the other four commissioners were not influenced by anything except what they considered to be the public safety and welfare.

· The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.