## CITY OF FORT WORTH v. GULF REFIN-ING CO. et al.
### No. 1383—5981.

Commission of Appeals of Texas, Section B.
Dec. 22, 1932.

R. E. Rouer, J. M. Floyd, and R. B. Young, Jr., all of Fort Worth, for plaintiff in error.

John E. Green, Jr., and David Proctor, both of Houston, and P. O. Settle, David W. Stephens, S. F. Houtchens, and Houtchens & Houtchens, all of Fort Worth, for defendants in error.

·LEDDY, J.

Defendants in error, the owners and operators of a large number of drive-in gasoline filling stations in the city of Fort Worth, filed this suit in the district court to enjoin the plaintiff in error, the city of Forth Worth, from enforcing the provisions of an ordinance which attempted to levy an annual license charge of $24 against each operator of such gasoline stations.

A trial before the court without a jury resulted in a judgment denying defendants in error the relief prayed for. Upon appeal, the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of defendants in error. 36 S. W.(2d) 285, 286.

The portions of the ordinance pertinent to this controversy are sections 2, 3, and 5. They read as follows:

"Section 2. Be it further ordained: That an annual charge of Twenty-four ($24.00) Dollars is here made against each and every gasoline station installed and making use of any street or sidewalk, or any portion thereof within the City of Fort Worth from and after the passage and publication of this ordinance.

"Section 3. It shall be the duty of all persons, firms or corporations desiring a permit to establish and use a gasoline station on any street or sidewalk, or any part thereof or where any part of any sidewalk is used for the purpose of ingress or egress in connection with such gasoline station within the City of Fort Worth, to apply to the Tax Collector of the City of Forth Worth therefor, and to pay the annual charge provided for herein to said Tax Collector, and upon said application being made, and the payment of the charge provided for herein, it shall be the duty of the City Tax Collector to issue said permit."

"Section 5. Any and all persons making use of any of the streets and sidewalks, or any portion thereof, within the corporate limits of the City of Fort Worth as a gasoline station, as provided for herein, from and after the passage of this ordinance without first paying the charges provided for herein, and having same inspected and approved by the City Fire Marshal, shall be deemed guilty of obstructing said street or sidewalk, and upon conviction thereof shall be fined in any sum not exceeding Fifty Dollars ($50.00), and each day of such obstruction shall constitute a separate offense."

The contentions made by defendants in error, which were sustained by the Court of Civil Appeals, are these:

First, that the ordinance in question was designed to apply only to gasoline filling sta-

tions where a part of the street or sidewalk was used for the installation of a portion of the equipment of the station.

Second, that, if the ordinance be so construed as to apply to a gasoline station not using the streets or sidewalks for the installation of its equipment, it is unconstitutional and void, in that the Legislature is without power to authorize a municipality to levy a tax against a property owner for the exercise of his right of egress and ingress to his property.

Third, that the ordinance in question in effect levies an occupation tax against defendants in error for the operation of gasoline filling stations, and is therefore void because the city is not authorized to levy such a tax, in the absence of any levy of one by the state.

In construing the ordinance not to apply to the type of filling stations operated by defendants in error, the Court of Civil Appeals in its opinion says: "From a careful reading of the ordinance in question it seems to apply only to gasoline filling stations that are constructed where a portion of the sidewalk or street is used in installing same. * * * The import of said ordinance, as a whole, indicates that appellee was attempting to pass an ordinance whereby it would charge private individuals for conducting gasoline filling stations where a portion of the street or sidewalk was used for its installation."

■ We think the provisions of the ordinance disclose that it was designed to apply to both curb and drive-in gasoline filling stations. If the ordinance limited the requirement for the payment of the license fee to those "persons, firms, or corporations desiring a permit to establish and use a gasoline station on any street or sidewalk or part thereof," as is provided in the first part of Section 3, then the construction given by the Court of Civil Appeals would no doubt be a correct one, as such language seems appropriate to describe only what is commonly called a curb gasoline station. But the ordinance does not so limit the license fee exacted. After describing a curb station, it requires the payment of a license fee for another and different type of station not covered by the above description. It is: "Where any part of any sidewalk is used for the purpose of ingress and egress in connection with such gasoline station within the City of Fort Worth." This language was manifestly designed to and does cover a drive-in gasoline station, where no part of the street or sidewalk is used for the purpose of installing equipment. In other words, there were two types of gasoline filling stations operated in the city of Fort Worth, and the ordinance was so drawn as to cover both types of stations. The provisions of section 2 indicate a purpose to levy the license fee against operators of all gasoline stations using any street or sidewalk and the character of use contemplated is specially defined in section 3 as being the use of the sidewalk for drive-in purposes.

The construction adopted by the Court of Civil Appeals renders meaningless the latter part of section 3. The first part quoted was clearly sufficient to describe curb stations, and, if they were the only type of stations intended to be affected by the act, it would have been wholly unnecessary to have added the latter provision of section 3.

■ Nor are we able to concur in the holding of the Court of Civil Appeals that, if the ordinance should be held to levy a license fee against operators of drive-in stations, the same is unconstitutional and void because it is in effect an attempt to levy a tax against a property owner for the exercise of an inherent right of ingress and egress to his property.

If there can be found no stronger foundation upon which to predicate the authority to enact the ordinance in question than the power of the city to tax a property owner for his right of ingress and egress to his property, of course, the ordinance cannot be sustained. However, it is our view that the city of Fort Worth was expressly empowered by the provisions of its charter, as well as the authorization contained in article 1175, R. S. 1925, applicable to cities adopting charters under the home rule amendment (Const. art. 11, § 5) to enact an ordinance of this character.

Section 17, chapter 8, of the charter of the city of Fort Worth, in effect at the time of the passage of the ordinance, reads as follows: "Provided further, that nothing herein shall be so construed to prevent the City in the use of its police power from prescribing license fees or police tax necessary and proper to enable the City to exercise proper police surveillance over all persons, firms or corporations or callings subject to same."

Among the powers possessed by the city of Fort Worth under article 1175 are the following:

"(16) To have exclusive dominion, control, and jurisdiction in, over and under the public streets, avenues, alleys, highways and boulevards, and public grounds of such city. * * *

"(23) To license any lawful business, occupation or calling that is susceptible to the control of the police power. * * *

"(34) To enforce all ordinances necessary to protect life, health and property."

It is quite true that the operation of a gasoline filling station is a necessary and lawful business. The nature of the business and the method of its operation is such, however, as to bring it clearly within the general police power of a city to regulate. In the first place, these stations store and distribute highly explosive and inflammable products in such proximity to the streets and sidewalks

and adjacent property as to constitute a danger and menace to life and property in the immediate vicinity. Again, the operation of gasoline filling stations reduces parking space upon the streets and otherwise tends to cause traffic congestion. Of necessity the city must by proper regulation keep open traffic lanes in order that drive-in stations may operate. The existence of these conditions furnishes a substantial basis for the exercise of the city's general police power. Standard Oil Co. v. City of Marysville, 279 U. S. 582, 49 S. Ct. 430, 73 L. Ed. 856; Pierce Oil Corporation v. Hope, 248 U. S. 498, 39 S. Ct. 172, 63 L. Ed. 381; Powell v. Pennsylvania, 127 U. S. 678, 8 S. Ct. 992, 1257, 32 L. Ed. 253; McKelley v. City of Murfreesboro, 162 Tenn. 304, 36 S.W.(2d) 99; Cayce v. City of Hopkinsville, 217 Ky. 135, 289 S. W. 223.

While the direct question involved has never been before our Supreme Court, it has been presented to several Courts of Civil Appeals. It has been rightly decided by such courts that the operation of a gasoline filling station is a business of such a nature as to render it subject to reasonable regulation under the general police power accorded to cities of this state. City of San Antonio v. Robert Thompson & Co., Inc. (Tex. Civ. App.) 23 S.W.(2d) 796; City of San Antonio et al. v. Humble Oil & Refining Co. (Tex. Civ. App.) 27 S.W.(2d) 868; Scott et al. v. Champion Bldg. Co. et al. (Tex. Civ. App.) 28 S.W.(2d) 178; McEachern v. Town of Highland Park et al. (Tex. Civ. App.) 34 S.W.(2d) 676. The San Antonio ordinance was also upheld by the Circuit Court of Appeals in the case of City of San Antonio v. Rubin, 42 F.(2d) 107.

The ordinance under consideration is wholly dissimilar to the one declared void by the Supreme Court of Oklahoma in the case of City of Shawnee v. Robbins Brothers Tire Co., 134 Okl. 142, 272 P. 457, 66 A. L. R. 1047. The ordinance there involved was not directed against filling stations alone, but provided that every person using any portion of a sidewalk for a drive-in space should pay $1 per foot for the amount of space so used. It was sought to apply this ordinance against a person engaged in the sale of automobile tires. Inasmuch as the ordinance was applied to an ordinary commercial business not subject to the police power, it was properly denounced as a mere tax upon the right of ingress and egress to property. The ordinance in the case before us is one regulating solely the operation of a gasoline filling station, a business within the police power of a city to regulate. It cannot therefore be said to be in any sense an attempt to levy a tax upon the right of ingress and egress to property. The provision with reference to the use of sidewalks for purposes of ingress and egress is merely descriptive of one type of gasoline filling station which it is sought to subject to the license provision of the ordinance.

The Court of Civil Appeals seems to lay some stress upon the fact that each of the defendants in error, at the time of the construction of his underground storage tanks, paid a fee of $5 required under the city building code. The provision of the Code under which this payment was made reads as follows: "No storage plant intended for storing gasoline or other volatile or inflammable liquid, or liquids, shall be installed except in compliance with this ordinance and under permit issued by the Building Commissioner, and upon payment of an inspection fee of five dollars ($5.00)."

It will be noted that the above provision of the building code has no reference to the operation of a filling station. Nor is it even limited to persons constructing plants for the storage of gasoline. It applies to any person constructing a storage plant for any volatile or inflammable liquid. It does not in any way conflict with the ordinance which requires a license to operate a filling station. The two ordinances cover entirely different subject-matters.

Finally, it is insisted that the annual charge imposed by this ordinance is in effect an occupation tax. We are unable to say that the amount imposed as a license fee is beyond that which the city council in the exercise of a fair discretion might consider necessary to enforce properly such regulation and inspection of filling stations as it deemed essential to safeguard life and property within the limits of the city.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed.