## HARPER et al. v. BROWN et al.
### No. 9066.

Court of Civil Appeals of Texas.
San Antonio.

May 10, 1933.

Rehearing Denied July 1, 1933.

E. C. Overall, of Gonzales, for appellants.

Tom Gambrell, of Lockhart, and Henry, Bickett & Bickett, of San Antonio, for appellees.

SMITH, Justice.

Willie Harper and several others brought this action and sought to go to trial upon what is denominated on its face as the second amended original petition of certain named plaintiffs and the first amended petition of certain other named plaintiffs; it being explained in the pleading that it was the first amended original petition of the named plaintiffs, because "they first became parties to said suit in the first amended original petition of" the original plaintiffs. Indubitably, though, the Hydra-headed pleading had but one body, so that the well-aimed general demurrer of the defendants encompassed the combined attack of the several plaintiffs, who, when the demurrer was sustained, declined to renew the attack by amendment. They have, however, appealed from the resulting judgment of dismissal.

The stricken pleading covers eight pages of the record, and is omnibus in character. It has some, possibly all, the elements of an ordinary action in trespass to try title, but those elements are submerged by sundry other actions to set aside some muniments of title, to require the execution of others, and reform still others; to remove cloud, to divest and invest titles; to adjudicate questions of fraud, of physical and mental duress, of mental incapacity; and the like. Appellants insist that the suit is really but a statutory action in trespass to try title, each statutory element of which was simply elaborated upon for the purpose of simplifying, amplifying, clarifying, and fortifying such elements; that, as each such element is present in the pleading, even though hidden far away in the labyrinths of benevolent elucidation, the whole pleading is nevertheless impervious to the general demurrer.

■ We are unable, however, to put this happy interpretation upon the languishing pleading. We are constrained, on the other hand, to hold with the trial judge that the petition was indeed subject to the general demurrer. It is true, of course, that, had appellants drawn the petition to meet the requirements of the statutory provisions for an action in trespass to try title (article 7366, R. S. 1925) and then and there brought it to a close, then it would have been indeed impervious to the general demurrer. But, instead of being content with that very simple accomplishment, appellants moved on into the realms of special pleadings and there reveled in allegations of the minutest details of evidences of title, and thus setting up a multitude of specific facts overlooked numerous essentials. The result is that appellants, electing to abandon the simple action in trespass to try title and stand upon specially pleaded title, and omitting fundamental allegations essential to the latter plea, brought their pleading under the ban of the general demurrer.

■ The pleading is too involved and confused and uncertain to meet the requirements of the statutes and rules governing pleadings of plaintiffs, and for that reason also was subject to the general demurrer. Article 1997 and article 2003, R. S. 1925; rule 2, District and County Court Rules, S. W. XVII; Mulkey v. Allen (Tex. Com. App.) 36 S.W.(2d) 198.

There is no apparent reason for prolonging this opinion. The judgment is affirmed.