**SINCLAIR REFINING CO. et al. v. CITY OF PARIS et al.**

No. 4604.

Court of Civil Appeals of Texas. Texarkana.

Dec. 7, 1933.

Rehearing Denied Jan. 4, 1934.

232

234

Cantey, Hanger & McMahon, of Fort Worth, for appellants.

A. P. Dohoney and Long & Wortham, all of Paris, for appellees.

LEVY, Justice (after stating the case as above).

There is involved in the controversy the right of the appellants to have the relief allowed of an interlocutory order restraining public city officials from acts complained of in the certain matters of building a service station for motor vehicles and the pursuit of business therein on particular premises in the city of Paris. The appellants claim that the temporary restraining order should have been allowed, because the refusal of the city officials to grant the permit to construct the filling station and pursue the business on the particular premises was unjustified: First, in the enforcement of a valid city ordinance in respect thereto; second, in the exercise of the police power of a municipal corporation in the regulation and control of such things as become hurtful to the safety and welfare of their inhabitants, or a public nuisance.

It becomes unnecessary to presently consider the phase of the case of whether the action of the city officers was in bad faith or arbitrary or amounted to gross abuse of authority. It may be presumed, in the view of the statement in the brief, that there was evidence justifying the conclusion of fact by the trial judge, as involved in the order entered, that the city officials did not act in a manner distinctively arbitrary, and in clear abuse of authority, in refusing to grant the permit to construct the building upon the leased premises. The position of appellants on appeal is thus stated: "If Ordinance No. 854 be valid, then for purposes of this appeal, it may be conceded that the City Council proceeded in strict conformity with the Ordinance and heard evidence which in the unbridled discretion of the members of the City Council was deemed sufficient to justify the refusal of the application. If, on the other hand, the ordinance is invalid, as claimed by us, then appellants are absolutely entitled to the equitable relief prayed for. * * * Much evidence was offered by the appellees which they will claim supported their action in refusing the permit on the ground that the construction of the station and the operation thereof affected the people living in and affected the value of their residences in that district. This might be a material inquiry were we (appellants) attempting to enjoin arbitrary action under a valid ordinance, but it is not a material inquiry where we are seeking equitable relief against any action at all under an invalid ordinance."

It is claimed by appellants the ordinance in evidence, appearing as Ordinance No. 854, is the same in all material respects as the one set out in the case of City of Wichita Falls v. Continental Oil Co. (Tex. Civ. App.) 5 S.W.(2d) 561, and which was held invalid in part in 42 S.W.(2d) 236. As the case is reported in 5 S.W.(2d) 561, supra, the Court of Civil Appeals reversed the judgment of the district court upon the ground that the

ordinance in suit was entirely valid and not legally void. The Commission of Appeals, in 42 S.W.(2d) 236, supra, held to the contrary of the Court of Civil Appeals, and sustained the judgment of the trial court awarding a permanent injunction against the plaintiff in favor of the defendant. The ruling of the Commission of Appeals was, in effect, that the right of the city to prevent the erection of the business establishment could not be rested on the city ordinance simply on account of its illegality as and when applied to certain kinds of buildings and business, and that the judgment of the district court should be affirmed in view of the conclusion of fact by the trial court that the property owners would not be affected by the erection and operation of the station as a nuisance, public or private. It was concluded by the court that the ordinance was invalid as respects the erection of a structure and the pursuit of business not constituting a nuisance. Assume, then, for the moment, the invalidity, as urged, of Ordinance No. 854 in so far as attempting to regulate and control subjects not affecting safety, health, and general welfare of the community, the invalidity of the ordinance on such particular grounds and subjects, simply, would not necessarily warrant setting aside the trial judge's interlocutory order. The ordinance might be legally valid as purely a police regulation. Quoting for illustration from opinion in case of City of Fort Worth v. Gulf Refining Co. (Tex. Com. App.) 55 S.W.(2d) 792, 793:

"It is quite true that the operation of a gasoline filling station is a necessary and lawful business. The nature of the business and the method of its operation is such, however, as to bring it clearly within the general police power of a city to regulate. In the first place, these stations store and distribute highly explosive and inflammable products in such proximity to the streets and sidewalks and adjacent property as to constitute a danger and menace to life and property in the immediate vicinity. Again, the operation of gasoline filling stations reduces parking space upon the streets and otherwise tends to cause traffic congestion. Of necessity the city must by proper regulation keep open traffic lanes in order that drive-in stations may operate. The existence of these conditions furnishes a substantial basis for the exercise of the city's general police power. Standard Oil Co. v. City of Marysville, 279 U. S. 582, 49 S. Ct. 430, 73 L. Ed. 856; Pierce Oil Corporation v. Hope, 248 U. S. 498, 39 S. Ct. 172, 63 L. Ed. 381; Powell v. Pennsylvania, 127 U. S. 678, 8 S. Ct. 992, 1257, 32 L. Ed. 253; McKelly v. City of Murfreesboro, 162 Tenn. 304, 36 S.W.(2d) 99; Cayce v. City of Hopkinsville, 217 Ky. 135, 289 S. W. 223.

"While the direct question involved has never been before our Supreme Court, it has been presented to several Courts of Civil Appeals. It has been rightly decided by such courts that the operation of a gasoline filling station is a business of such a nature as to render it subject to reasonable regulation under the general police power accorded to cities of this state. City of San Antonio v. Robert Thompson & Co., Inc. (Tex. Civ. App.) 23 S.W.(2d) 796; City of San Antonio et al. v. Humble Oil & Refining Co. (Tex. Civ. App.) 27 S.W.(2d) 868; Scott et al. v. Champion Bldg. Co. et al. (Tex. Civ. App.) 28 S.W.(2d) 178; McEachern v. Town of Highland Park et al. (Tex. Civ. App.) 34 S.W.(2d) 676. The San Antonio ordinance was also upheld by the Circuit Court of Appeals in the case of City of San Antonio v. Rubin, 42 F.(2d) 107."

The legal rights of appellant to pursue business of operating a filling station on the particular lot is not so certain, in point of fact as well as in point of law, as to warrant setting aside the conclusion of the trial judge in respect thereto. The controversy is one best determined upon final trial and judgment, and not through means of an interlocutory order, as a ruling, as it might be, would finally determine the suit. In accordance with the general rule, the matter which may be considered upon the review of an interlocutory order granting or refusing an injunction is restricted to the propriety of the order. 24 Tex. Jur. § 250, p. 307; Coffee v. Bank (Tex. Civ. App.) 38 S.W.(2d) 187; Neill v. Johnson (Tex. Civ. App.) 234 S. W. 147. An interlocutory injunction is a remedy provisional and intermediate only, and ordinarily it will not be granted where its issuance would have the effect to practically dispose of the whole case and of granting all the relief that could be obtained by a final decree. 32 C. J. § 2, p. 20; 24 Tex. Jur. § 99, p. 140.

The order is affirmed.