### ROTE et al. v. BEXAR COUNTY WATER CONTROL & IMPROVEMENT DIST. NO. 4 et al.

### No. 9947.

Court of Civil Appeals of Texas. San Antonio.

Feb. 12, 1936.

Rehearing Denied March 18, 1936.

Hicks, Dickson & Lange, of San Antonio, for appellants.

Boyle, Wheeler, Gresham & Terrell, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by appellants, W. P. Rote, Jr., and C. C. Dishman, against appellees, Bexar county water control and improvement district No. 4, a municipal corporation, and Dr. H. P. Beatty, Hoke Warmack, Kingsley Poor, David C. Brown, and J. G. Ziegler, directors thereof, seeking a temporary injunction and on final hearing a permanent injunction restraining appellees from opening bids and letting a contract for the construction of a sanitary sewer system in said water control and improvement district No. 4.

Appellants alleged in their original petition, in substance, that notice had been issued for bids for the construction of this sanitary sewer system, and that, unless enjoined, the directors of the district would open bids on June 29, 1935, and let the contract; that the plans and specifications call for clay pipe only and exclude cement pipe for use in the construction; that there is but one local company that can furnish clay pipe, and therefore there can be no genuine competition in the bidding, whereby the cost of the project will be increased at least $10,000; and that, the funds being limited, the entire project cannot be completed, but that a part of the project will have to be abandoned and that other calamities will result.

This petition was presented to the district judge on June 25, 1935, and by him set down for a hearing on July 8, 1935. At the same time he granted a temporary restraining order. On July 2, 1935, the district judge granted appellants leave to file an amended petition, but on the same date dissolved the temporary restraining order, thereby leaving appellees free to proceed to let the contract if they so desired. On October 12, 1935, appellants filed their amended petition in which they allege that

the directors of the district did let the contract, on June 29, 1935, to Uhlen Construction Company, but appellants wholly fail to allege that the bad results that they predicted in their first petition did in fact happen when the contract was actually let. At the time of the filing of their amended petition, the contract had been let, and the cost of the project was, of course, actually and accurately known. The matter was no longer a speculation as to what might happen, but became a question of what did happen. The petition fails to allege the terms of the contract or the bad results of the actual letting of the contract.

To this petition the trial judge sustained a general demurrer, and the above-named appellants present this appeal from the order dismissing the cause, after their failure to amend.

We conclude that the general demurrer was properly sustained. It was the duty of appellants to plead what did happen after the letting of the contract rather than to stand on their prophecy as to what might happen.

Furthermore, we feel that the question whether this system should be constructed of clay pipe or cement pipe was a matter addressed to the sound discretion of the board of directors of the district, and, in the absence of a showing of a clear abuse of this discretion, their decision of the matter will not be disturbed by this court. King v. Guerra (Tex.Civ.App.) 1 S.W.(2d) 373; Sansom v. Mercer, 68 Tex. 488, 492, 5 S.W. 62, 2 Am.St.Rep. 505; Riggins v. Richards (Tex.Civ.App.) 79 S.W. 84.

■ Appellants also attack the corporate existence of the Bexar county water control and improvement district No. 4. It is clear that this is a collateral attack upon the corporate existence of a municipality, which is not permitted. City of El Paso v. Ruckman, 92 Tex. 86, 46 S.W. 25; Elliott v. Texas Pacific Coal & Oil Co. (Tex. Com.App.) 29 S.W.(2d) 982.

■ Furthermore, appellants' attack upon the corporate existence is based upon matters which can only properly be heard in an election contest, such as is provided for by articles 3041 to 3075, R.S.1925; Slater v. Ellis County Levee Improvement Dist., 120 Tex. 272, 36 S.W.(2d) 1014.

The judgment of the trial court is in all things affirmed.

BOBBITT, J., did not participate in the decision of this case.

On Motion for Rehearing.

MURRAY, Justice.

■ Appellants contend that we were in error in holding that appellants had not alleged what had happened as a result of the letting of the contract, but were standing on their prediction as to what would happen if the contract was let under the bidding advertised for by the district; and contend that they have alleged what did happen after the letting of the contract. We do not agree with this contention. It is true appellants did allege the letting of the contract in the following language: "That said alleged District as an alleged municipal corporation has awarded a contract for said sewer project to the defendant Uhlen Construction Company; but plaintiffs say that for each and all of the reasons hereinbefore set forth, and for the special reason that there was no genuine competition between clay pipe and concrete pipe, that said alleged awarding of said alleged contract is void and of no effect, and that the proceedings hereinbefore mentioned casts a cloud upon plaintiffs' title to the real estate owned by them in said alleged District."

It will be observed that these allegations only refer back to the allegations made with reference to what would happen. The petition does not allege at what price the contract was let nor attempt to show that such price was too high or that there would not be sufficient money to do all the work contemplated under the project.

Appellants further contend that, if it is possible to glean from the petition as a whole that a cause of action has been stated, a general demurrer should be overruled. This rule, however, has its exceptions. Article 1997, R.S.1925, requires that a pleading shall "consist of a statement in logical and legal form of the facts constituting the plaintiff's cause of action." And article 2003, R.S.1925, requires, among other things, that a petition contain "a concise statement of the cause of action." See Pabst v. Roxana Petroleum Corporation (Tex.Com.App.) 80 S.W.(2d) 956; Harper v. Brown (Tex.Civ.App.) 61 S.W. (2d) 1036.

■ Appellants again insist that there was no genuine competition in the bidding

for this contract, because the bidding was limited to clay pipe. We adhere to our former conclusion that the material to be used in the construction of the system was a matter addressed to the sound discretion of the board of directors.

The Commission of Appeals has recently held, in Vilbig Brothers v. City of Dallas, 91 S.W.(2d) 336, an opinion adopted by the Supreme Court March 4, 1936, and not yet published [in State reports], that the proposals for bids may even require patented material to be used in the contract, and that such a requirement does not render the bidding noncompetitive.

Appellants' motion for a rehearing has been carefully considered and is overruled.

BOBBITT, J., did not participate in the decision of this case.