## CITY OF SAN ANTONIO V. ALEXANDER ZOGHEIB.

No. 6777.  Decided February 10, 1937.
Rehearing overruled March 17, 1937.
(101 S. W., 2d Series, 539.)

*T. D. Cobbs, Jr.,* City Attorney, *W. C. Davis* and *Jack H. Davis,* Assistants City Attorney, all of San Antonio, and *W. M. Groce,* of San Antonio, for the Greek Orthodox Church, intervenor, for plaintiffs in error.

The City of San Antonio under its charter has the discretionary power to determine whether or not gasoline filling stations should be permitted at certain locations. Western Union Tel. Co. v. Richmond, 224 U. S. 160, 32 Sup. Ct. 449, 56 L. Ed. 710; Ex parte Broussard, 169 S. W. 660; King v. Guerra, 1 S. W. (2d) 376.

*R. F. Spencer* and *A. J. Lewis,* both of San Antonio, for defendant in error.

On the question of the constitutionality of the ordinance. Spann v. City of Dallas, 111 Texas 350, 235 S. W. 513; Continental Oil Co. v. City of Wichita Falls, 42 S. W. (2d) 236.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Alexander Zogheib, defendant in error here, applied to the City of San Antonio for a permit to erect on a lot owned by him in the city what is known as a "drive-in" filling station. Application for the permit was refused. Thereupon Zogheib filed suit seeking a mandatory injunction against the city to compel the granting of the permit. The Greek Orthodox Church located in the vicinity of the vacant lot upon which Zogheib desired to erect the filling station intervened, adopting the pleadings of the city and its officers. The trial court, upon findings made by a jury, rendered judgment directing that the mayor and commissioners forthwith issue the permit. Upon appeal the Elev-

enth Court of Civil Appeals affirmed the judgment. 70 S. W. (2d) 333.

The Court of Civil Appeals predicated its affirmance upon two grounds: first, that the ordinance under which the application was made is void as vesting discretion in the city commission to refuse to grant the permit; and second, that the finding of the jury that the commission acted arbitrarily in refusing the permit is supported by sufficient evidence. The views of the court are fully elaborated in its opinion.

The provision of the ordinance condemned by the Court of Civil Appeals reads:

"The city commissioners may, in their discretion, approve the location of the filling station at that place (the proposed location), or they may, in their discretion, refuse a permit for the location of the filling station at that place, if in their opinion the location, plans and specifications do not conform to this ordinance, or that the safety, the health, the comfort, the convenience, the order, or the good government of the city will be adversely affected by the granting of said permit."

Prior to the rendition of the judgment here under consideration there was a conflict of holdings by the Courts of Civil Appeals upon the first question above stated. The Fourth Court of Civil Appeals in City of San Antonio v. Robert Thompson & Co. et al., 23 S. W. (2d) 796, held that the ordinance fairly administered "is a valid exercise of the police power delegated to the city." Subsequently in City of San Antonio et al. v. Humble Oil & Refining Co., 27 S. W. (2d) 868, the same court reiterated its holding that the ordinance is not unconstitutional and void.

The Eleventh Court of Civil Appeals by its holding of law in this case that the ordinance involved in the two cases referred to is unconstitutional and void for the reason stated in its opinion, presents a direct conflict of holdings between that court and the Fourth Court of Civil Appeals. It was upon this conflict that the writ was granted.

In City of Fort Worth v. Gulf Refining Company, (Com. App.) 55 S. W. (2d) 792, the court had before it a tax ordinance levying an annual license charge against the operators of "drive-in" filling stations such as Zogheib is seeking permission to construct. In that case the Tenth Court of Civil Appeals had held the ordinance void (36 S. W. (2d) 285), upon the ground that the city had no authority to levy such a tax in the absence of the State's having levied an occupation tax. Writ of error was granted and the case assigned to the Commission of Ap-

peals. Upon original hearing the Commission held the ordinance. valid. 55 S. W. (2d) 792. In reaching this conclusion two questions were discussed, to-wit, whether the ordinance applied to both curb and "drive-in" stations, and whether the ordinance was invalid as authorizing an unconstitutional limitation upon the owner's right of ingress and egress to his property. The two objections to the holdings were held to be without merit. The Commission in reaching its conclusion that the ordinance was valid, and that the business of the filling station was such as "to render it subject to reasonable regulation under the general police power accorded to cities of this State," says:

"It is quite true that the operation of a gasoline filling station is a necessary and lawful business. The nature of the business and the method of its operation is such, however, as to bring it clearly within the general police power of a city to regulate. * * * Again, the operation of gasoline filling stations reduces parking space upon the streets and otherwise tends to cause traffic congestion. Of necessity the city must by proper regulation keep open traffic lanes in order that drive-in stations may operate. The existence of these conditions furnishes a substantial basis for the exercise of the city's general police power. Standard Oil Co. v. City of Marysville, 279 U. S. 582, 49 S. Ct. 430, 73 L. Ed. 856; Pierce Oil Corporation v. Hope, 248 U. S. 498, 39 S. Ct. 172, 63 L. Ed. 381; Powell v. Pennsylvania, 127 U. S. 678, 8 S. Ct. 992, 1257, 32 L. Ed. 253; McKelley v. City of Murfreesboro, 162 Tenn. 304, 36 S. W. (2d) 99; Cayce v. City of Hopkinsville, 217 Ky. 135, 289 S. W. 223," citing among other cases City of San Antonio v. Thompson and City of San Antonio v. Humble Oil & Refining Co., supra. The case of City of San Antonio v. Rubin, 42 Fed. (2d) 107, was cited also in support of the quoted statement.

The opinion of the Commission of Appeals so holding was adopted by this Court upon original hearing. Upon rehearing the Commission changed its view with respect to the third question in the case relating to the authority of the city to levy the tax in question in the absence of the levy of a similar tax by the State, and another opinion was substituted holding the ordinance void. This Court upon consideration of the substituted opinion failed to adopt it and withdrew and heard the case.

CHIEF JUSTICE CURETON speaking for the Court upon this rehearing (125 Texas 512, 83 S. W. (2d) 610) says:

"As to the first two questions, the Commission did not change its views and since we are in accord with that opinion (55 S. W.

(2d) 792), that the first two objections are without merit we deem it unnecessary for us to here discuss them."

In the course of the opinion Chief Justice CURETON further says:

"The necessary effect of lanes of ingress and egress to and from filling stations is not only to create traffic hazards * * * but * * * to require * * * surveillance on the part of the proper officers to keep the driveways open for the use of each station and its customers, and to protect the public from the increased traffic hazards. Moreover, * * * we take judicial knowledge * * * that gasoline filling stations are subject to police control,"

citing among other cases both the Thompson and Humble Oil & Refining Company cases, supra, and also City of San Antonio v. Rubin, supra.

Magnolia Petroleum Company v. Long, 126 Texas 195, 86 S. W. (2d) 450, was a suit for damages for personal injuries sustained by Long while crossing a "drive-in" way over a sidewalk maintained by the company as an approach to its filling station. Judge RYAN speaking for the Commission says:

"The City of San Antonio has an ordinance passed and approved on January 23, 1919, entitled, 'An ordinance prohibiting the construction, operation and maintenance of drive-in gasoline filling stations within the first fire limits or fire proof district A, of the city, providing a penalty and declaring an emergency.' This ordinance was amended on September 26, 1927, by adding thereto certain sections governing the construction and operation of such stations outside the prohibited limits. These ordinances came under attack in City of San Antonio v. Thompson & Co., (Tex. Civ. App.) 23 S. W. (2d) 868, 869, and City of San Antonio v. Rubin, (C. C. A.) 42 Fed. (2d) 107, and were upheld; these cases are cited and approved by Chief Justice CURETON in City of Fort Worth v. Gulf Refining Co., 125 Texas 512, 83 S. W. (2d) 610, 612."

The case of City of San Antonio v. Rubin, supra, involved the same ordinance as is here in question. It was attacked as unconstitutional and void on the ground that it is void as vesting discretion in the city commission to refuse to grant the permit. This is the first ground upon which the Court of Civil Appeals held the ordinance invalid.

The Court in the Rubin case, in upholding the ordinance against this ground of attack, say:

"It is argued in behalf of appellees that arbitrary action by the city is authorized by the ordinance and was exercised by the city authorities in violation of the due process and equal protection clauses of the Fourteenth Amendment. By the city charter the city is given exclusive control over streets and sidewalks, and the city commissioners are given power by ordinance to make rules and police regulations that are permitted by the State Constitution. We are satisfied that the ordinance is not subject to the constitutional objections which are urged against it. The authority to exercise police power must be lodged in some public official or body, Fischer v. City of St. Louis, 194 U. S. 361, 24 S. Ct. 673, 48 L. Ed. 1018; and it is no objection that any particular fact upon which it must rest is not enumerated, Western Union Telegraph Co. v. City of Richmond, 224 U. S. 160, 32 S. Ct. 449, 56 L. Ed. 710. That a city may be given the police power to regulate the use of its streets in the interest of the public welfare is no longer open to question. Euclid v. Ambler, 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016; Standard Oil Co. v. City of Marysville, 279 U. S. 582, 49 S. Ct. 430, 73 L. Ed. 856. The cases of Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220, and Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387, are not in conflict, but merely furnish illustrations of attempts arbitrarily to exercise the police power."

1 Only two questions are discussed in the Rubin case, that of the validity of the ordinance as against the contention that it vests an arbitrary discretion in the commission, and the question of whether the evidence supports the inference that the commission in denying the permit was arbitrary or discriminatory. The holding of the Court upon the first question and the repeated citation of its opinion with approval in the connections pointed out, together with the citations with approval of the Thompson and Humble Oil & Refining Company cases, supra, indicate that the conflict upon the first question has been resolved by this Court in favor of the validity of the ordinance, and we so hold.

The Court of Civil Appeals in affirming the trial court's judgment holds upon the second question that the finding of the jury that the commission acted arbitrarily in refusing the application is supported by sufficient evidence. The court says with respect to this holding, however, that while it considers the judgment as resting on this finding to be upon less solid ground than that of the invalidity of the ordinance, nevertheless the jury was warranted in interpreting the evidence to show that but for the protest made by the church authorities the permit

would have been granted. In other words if the commissioners' action in denying the permit had no other support than the protest, it was arbitrary.

It conclusively appears that the action of the commission had other support in the evidence. The record discloses that April 11, 1932, was set as the date for a hearing upon Zogheib's application; Zogheib himself testified that at the time and place set for the hearing he appeared pursuant to notice, accompanied by his attorney; that his attorney represented him at the hearing and made a statement of the matter before the commissioners. Neither Zogheib nor the commission offered any witnesses at the hearing. Zogheib further testified that prior to the hearing he, the police commissioner, and the fire marshal, looked over the proposed site together and discussed the matter after he filed his application. It is undisputed that the police commissioner in company with the fire marshal, and later in company with the mayor and other commissioners, visited and inspected the proposed location. The resolution adopted by the commissioners on April 11th denying the permit recites that evidence was heard at a public hearing given Zogheib and that such evidence was considered by the commissioners in reaching their decision. It further recites among other reasons for denying the permit that "the cutting of curbing which will be necessary for the proper construction of a drive-in filling station at that particular point will necessarily tend to greatly inconvenience and endanger the public generally by reason of the traffic crossing said sidewalks into and out of such proposed drive-in filling station; .* * * that if such proposed drive-in filling station was permitted to be erected upon such site the public safety, convenience, good government of the city of San Antonio and the welfare thereof will be materially affected thereby * * *."

The reasons for denying the application stated by the commissioners on the trial of the case are not inconsistent with the reasons stated in the resolution. Other considerations also were stated, such as the location across the street of the church that was used as a school during certain days of each week at which children of tender years attended, and that the noises incident to the business would interfere with the church services. It is undisputed that at the corner of the church property and the Zogheib propery five streets intersect, and that the traffic from those streets converges at that point. There is evidence on the other hand that there are other filling stations in that vicinity, but it does not appear when they were built, or whether their locations and surroundings had more than a general similarity.

The trial court in connection with the issue submitted inquiring whether the commission acted arbitrarily in refusing the permit, defined the term arbitrarily as meaning "without fair, solid and substantial cause, or without the exercise of an honest judgment." The trial court submitted also an issue inquiring whether the operation of the proposed station would create a traffic congestion at the point in question, which was answered in the negative.

Whether the commissioners acted without what the jurors deemed fair, solid and substantial cause in denying the permit, is not the correct criterion upon which to determine whether their action was arbitrary; nor could it be determined by the jurors' opinion that no traffic congestion would be created by the operation of a filling station at that point. The most that can be said in derogation of the action of the commissioners in that regard is that a debatable question was presented by the facts.

**2** Power is vested by the ordinance in the commissioners and not elsewhere to determine whether a traffic hazard would be created by the proposed operation which they should prevent in the interest of safety or for other reasons. The ordinance provides they "may in their discretion, refuse a permit * * * if in their opinion the * * * safety of the city will be adversely affected" by granting it. Whether the commission acted wisely in refusing the permit, or the evidence preponderated as indicating such hazard or as not indicating it, is beside the question as a criterion for determining whether the action of the commission was arbitrary. There is evidence upon which reasonable minds might have differed as to the wisdom or justice of the refusal of the permit, but there is none that the commissioners did not honestly believe from the facts that a hazard would be created from the operation of the station that it was their duty to prevent. The trial court was in error in submitting the matter to the jury for its determination.

**3** In King v. Guerra (writ refused), 1 S. W. (2d) 373, a writ of mandamus was granted by the district court in response to jury findings directing the city commission to issue a permit for the construction and operation of an undertaking establishment. The Court of Civil Appeals in an opinion reversing and rendering the judgment of the trial court, points out the burden rested upon the applicant:

"To show that no conclusive, or even controversial or issuable, facts or conditions existed which would authorize the governing board of the municipality to exercise the discretion

confided to it by a valid ordinance in determining a matter of purely governmental policy."

It is shown by the court in this connection that since Arberry v. Beavers, 6 Texas 457, the rule has been that if an officer or governing board under powers granted by law may exercise discretion in the discharge of their duties, mandamus will not lie to control its exercise.

The Court further say in discussing the exception to this rule:

"There exists this exception to the rule stated, that a mandamus will lie to correct a gross abuse of discretion upon the part of boards or officers intrusted with such discretion, when such abuse is so clearly shown as to establish the fact that in performing the act complained of the officers acted wholly through fraud, caprice, or by a purely arbitrary decision, and without reason. 26 Cyc. 161; Myer v. Carolan, 9 Texas 250; Riggins v. City of Waco, 100 Texas 32, 93 S. W. 426; Riggins v. Richards, (Tex. Civ. App.) 79 S. W. 84."

Writ of error was refused in the King case, and both the rule and the exception there stated are settled in this State. J. N. McCammon, Inc., v. Stephens, 127 Texas 49, 89 S. W. (2d) 984; Rote et al. v. Bexar County Water Control & Imp. Dist. No. 4 et al., 91 S. W. (2d) 1095. See also Rubin case, supra.

The burden was upon Zogheib to show clearly that the city commissioners in denying the permit applied for abused their discretion. This burden he failed to discharge.

Since the sole purpose of the suit brought by him was for a mandatory injunction against the city to compel approval of his application and the granting of a permit sought by him, and judgment should have been rendered upon instructed verdict in favor of the city, it is not necessary to discuss any other assignment presented.

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is here rendered for the city and against defendant in error.

Opinion adopted by the Supreme Court February 10, 1937.

Rehearing overruled March 17, 1937.