**YOUNG et al. v. CITY OF ABILENE et al.**

No. 2556.

Court of Civil Appeals of Texas. Eastland.

June 21, 1946.

Rehearing Denied Aug. 2, 1946.

Smith, Eplen & Bickley, of Abilene, for appellants.

W. W. Hair and E. M. Overshiner, both of Abilene, for appellees.

LONG, Justice.

This suit involves the proper application and construction of Ordinance No. 158 of the City of Abilene, which provides as follows: "Section One: That hereafter it shall be unlawful for any person, firm, association or persons or corporation, to erect, build maintain or operate or to be interested in the building, erecting, maintaining or operation of any manufacturing plant, factory, mill, gin or any other kind of an industrial or manufacturing plant operated or run by either steam, gas, gasoline, electricity, or any other kind of power, in any part of the territorial limits of the City of Abilene lying west of Pine Street and North of the Right of Way of the Texas and Pacific Railway Company's tracks and west of Oak Street and south of said Railway Company's Right of Way: Provided that the provisions of this ordinance shall not apply to that part of the above described area of said City now or hereafter included in the fire limits of said City, provided further that before any such

industrial plant as hereinbefore described shall be permitted to erect any such industrial plant in any part of the fire limits of said City the person or corporation intending to erect said industrial plant shall first apply to, and obtain from, said City Commission, a permit in writing to erect and maintain such industrial plant in the fire limits."

Appellants J. A. Young, W. F. Gorman and wife, Artie M. Gorman (plaintiffs in the court below) are the owners of two lots located at Fourteenth and Hickory Streets in the City of Abilene, Texas, in the area covered by the ordinance and not in the fire limits. Plaintiffs entered into a contract on the 12th day of February, 1946, for the construction on said lots of a brick and tile modern fire-proof building to be erected at a total cost of approximately $37,000. The contractor applied for and was granted a building permit by the assistant building inspector on the 15th day of February, 1946, which said permit was thereafter revoked by the Board of City Commissioners on the ground that the business to be operated therein was in violation of said ordinance. Plaintiffs instituted this suit and sought a mandatory injunction to compel the City Commissioners of the City of Abilene to re-issue such permit and desist from interfering with or molesting plaintiffs in the erection of such building and the carrying on of such business therein. After due notice to all parties interested and upon a hearing had, the trial court refused such mandatory injunction, to which action plaintiffs excepted and have duly appealed to this court.

The plaintiff J. A. Young is the son of Artie M. Gorman, and W. F. Gorman is the husband of Artie M. Gorman. They proposed to erect a building on the lots at Fourteenth and Hickory and operate therein a modern dry cleaning establishment, together with a fur storage. That part of the City of Abilene is a residential section. The assistant building inspector when he issued the permit in question did not know the kind of business that was contemplated to be operated in said building. The building inspector being informed of the issuance of said permit and that plaintiffs were contemplating operating a dry cleaning es-

tablishment in the building, advised plaintiffs that they would have to take the matter up with the Board of City Commissioners. The Board of City Commissioners held some two or three hearings with reference to the issuance of such permit, at which time plaintiffs appeared and presented their side of the matter. Also, the property owners and people who resided in the neighborhood of the proposed building site appeared before the commission and presented their views in opposition to the granting of the permit. After such hearings the Board refused to issue a permit for the building.

Plaintiffs contended in the trial court and contend here that the business proposed to be operated by them was not in violation of Ordinance No. 158. Also, that the Board of City Commissioners acted arbitrarily, abused its discretion and unlawfully considered the protest and testimony of neighbors adjoining the site of the proposed cleaning plant. Further, that Ordinance 158 is void for lack of a standard or guide to ascertain whether or when a dry cleaning establishment may be built or operated thereunder, and that the city had no inherent power in its discretion to prohibit same. The trial court in his order refusing the relief prayed for made the following findings and conclusions: "That the duty of the Board of Commissioners of the City of Abilene, Texas, with reference to granting or refusing plaintiffs application for a building permit, was not a mere ministerial duty, but involved the exercise of discretion, judgment, and their construction of City Ordinance No. 158 of the City of Abilene, Texas; and that, in the absence of fraud or arbitrary abuse of such discretion, judgment and construction, as a matter of law, mandamus will not lie to compel the said City Commission to exercise such discretion, or to construe such ordinance in any particular manner or in favor of or against either party; that, under the pleadings and the evidence, the said Board of Commissioners did not act fraudulently or arbitrarily, or abuse its discretion in exercising its judgment in construing said ordinance; that said Ordinance No. 158 is a valid ordinance, but, for the purpose of this decision, it is not necessary to determine

840

whether or not the proposed structure of plaintiffs is prohibited by said Ordinance No. 158, and, the Court does not determine that matter for the purpose of this preliminary order; that on the pleadings and the evidence, and under the authorities, the plaintiffs' prayer for preliminary mandatory injunction order and injunction should be denied."

We believe that the findings of the trial court that Ordinance No. 158 is valid is correct. The City Commission is authorized to regulate the location of a proposed business and to prohibit the same from certain territories within the city when, in their discretion, the safety, the health, the comfort, the convenience, the order, or the good government of the city will be adversely affected. City of San Antonio v. Zogheib, 129 Tex. 141, 101 S.W. 2d 539; Harvey v. City of Seymour, Tex. Civ.App., 14 S.W.2d 901; Lombardo v. City of Dallas et al., 124 Tex. 1, 73 S.W. 2d 475; Scruggs v. Wheeler, Tex.Civ.App., 4 S.W.2d 616.

We also sustain the trial court's finding that the Board of Commissioners did not act fraudulently or arbitrarily or abuse its discretion in refusing the permit, if it should be determined that the proposed business comes within the ordinance. As has been heretofore stated, the proposed location of the dry cleaning establishment was a residential section. From the evidence adduced upon the hearing, it was disclosed that a cleaning establishment gave off odors, made noises and would in other ways disturb the peace and quietude of the people residing nearby. Further, that the traffic in that section of the city would be materially increased. Also, that naptha and other explosives would be used in the operation of the business and would be a fire hazard in that respect. Plaintiffs contend that the Board of Commissioners refused the permit because of the protest of the neighbors residing near the proposed plant, but we do not believe that the evidence requires such conclusion. There is evidence that there are other cleaning establishments located in the city within the prohibited territory as set out in Ordinance No. 158. But, from an examination of the record, it seems that these cleaning establishments are located in business or semi-business districts of the city. Even though the City Commission may have granted permits for cleaning establishments within the prohibited area, we do not believe that fact alone is sufficient to show that it abused its discretion or acted arbitrarily in refusing the permit involved in this case. In support of our holding on this question we cite the case of City of San Antonio v. Zogheib, supra. Plaintiffs, in their contention that the ordinance involved is void, rely strongly upon the case of Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 19 A.L.R. 1387. The Spann case is distinguishable from the instant case on the facts. In that case the proposed business was not shown to be one that would disturb the peace, quietude and comfort of the people residing nearby.

The controlling question, as we see it, in this case is whether the proposed cleaning establishment comes within said Ordinance No. 158. The facts are undisputed that it is located within the boundaries prescribed in the ordinance, that is, it is west of Pine and Oak Streets and not in the fire limits. The mayor testified he was sure the proposed business was not a manufacturing plant, but that he thought it was an industrial plant. However, he testified he did not know what all plaintiffs intended to do in said business. We can readily see that the proposed business is not a manufacturing plant. We believe that if it comes under the ordinance at all it does so because it is an industrial plant. The trial court took the view that it was not necessary for him to determine whether the proposed business came under the ordinance or not. A number of the authorities in Texas hold that the duty of construing an ordinance primarily rests upon a Board of City Commissioners, and in the absence of a showing of abuse of discretion or fraud such construction as placed upon it by the commission will not be disturbed by the courts. That was the holding in the case of King v. Guerra, Tex.Civ.App., 1 S.W.2d 373. However, in that case the ordinance placed discretion in the City Commission as to whether or not an undertaking establishment should be located in certain

parts of the city. In the case before us no discretion is lodged in the City Commission as to whether or not a proposed business is a manufacturing or industrial plant, but as we see it, the operation of a business either does or does not come within the ordinance, depending upon the character and kind of business proposed to be operated. The question here is whether the cleaning establishment will be so equipped and operated as to bring it within the approved definition of an industrial plant. This depends upon the facts adduced upon the trial. We have no power to find the facts where they are disputed. That duty primarily rests upon the trial court. We feel that in order to make a proper disposition of this case that a finding should be had as to whether the proposed business is an industrial plant as contemplated by Ordinance No. 158. For that reason we deem it our duty to reverse the judgment and remand the cause to the trial court for a new trial. Judgment is reversed and remanded.