# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1888.

---

### No. 6020.

### WILLIAM CASSIN v. ZAVALLA COUNTY.

1. COUNTY COMMISSIONERS COURT—JURISDICTION.—When the county judge and county commissioners have been elected with a view to the organization of an unorganized county, each member elect of the commissioners court has thirty days after the election in which to qualify, by taking the official oath and executing the bond required by law. Two of such commissioners elected at such an election can not, in connection with the county judge, organize the court before the others have qualified, and before the expiration of the time allowed by law for such qualification, and their orders under such attempted organization are void.

APPEAL from Zavalla. Tried below before the Hon. D. P. Marr.

*James H. Burts*, for appellant, cited Revised Statutes, articles 563, 676, 672, 673, 674, 1509, 1510, 1511; Boone on The Law of Corporations, section 316; Dillon on Municipal Corporations, section 221, note 3, page 219, citing Commissioners v. Leckey, 6 Sergeant & Rawle, 166, 170, and Cooper v. Reasbey, 8 Watts, 128; Curtis v. Butler County, 24 Howard (U. S.)435; Baltimore v. Turnpike, 5 Binn., 484; Commonwealth v. Commissioners, 9 Watts, 466, 471; Cooper v. Lampeter, 8 Watts, 128; Caldwell v. Harrison, 11 Alabama, 755; Commissioners v. Tarver, 21 Alabama, 661; Crist v. Trustees, 10 Indiana, 452; Dillon on Municipal Corporations, section 222, note 2, page 250 and authorities cited.

The court erred in charging the jury in effect that the special term of the county commissioners court was illegal and not

[419]

authorized to bind the county in the contract made. (Rev. Stats., arts. 563, 676, 1509, 1510, 1511, 1512, 1513; Const., art. 7, sec. 7, as amended; Special Laws, Eighteenth Legislature, p. 5; Boone's Law of Corporations, sec. 316, and authorities cited; Dillon on Mun. Cor., p. 249, note; Id., sec. 222, note 2.)

No brief on file for appellee.

GAINES, ASSOCIATE JUSTICE.    Previous to the year 1884, Zavalla county was unorganized and was attached to Frio county for judicial purposes. With a view to its organization, an election of officers was ordered, which took place on the twenty-fifth of February, 1884, when I. M. Downs was elected county judge, and V. M. West, G. B. Kenney, Wiley Mangum and E. P. Waller were elected commissioners of the county. Downs, West and Kenney duly qualified as such judge and commissioners prior to the twentieth day of March, 1884, but Waller did not take the oath and give bond until the twenty-second of that month, and Mangum did not qualify under the election at all. The county judge told West and Kenney that a session of the commissioners court would be held on the twentieth of March, and requested the county judge of Frio county to notify the other two commissioners of the session when they came to qualify; but neither received the notice. The session was accordingly held on the twentieth and twenty-first days of the month, and an order was made and entered on the minutes accepting a proposition submitted to the court by appellant for the purchase of the four leagues of school land belonging to the county for the sum of ten thousand dollars, payable ten years after date, but to bear interest from date at seven per cent per annum, payable semi-annually, and authorizing the county judge to convey the lands to appellant in accordance with the terms of the proposition and order. At a regular meeting of the court in May following an order was entered setting aside the order previously made in March.

On the fifth of May, 1885, appellant brought this suit against the county to enforce a specific performance of the alleged contract for the sale of the land, and the cause having been submitted to the jury, resulted in a verdict and judgment for the defendant.

The court charged the jury to the effect that thirty days were allowed the officers elected on February 25, 1884, by law, within

which to qualify, and that if at the time the session of the court was held two of the commissioners had not qualified, and had received no notice of the session, the action of the county judge and the other two commissioners was illegal, and their order accepting the proposition of appellant was void, and that the jury should therefore find for the defendant. This charge is assigned as error, and the determination of the question presented by the assignment, we think, decisive of this appeal.

The statute provides that "any three members of the [commissioners] court shall constitute a quorum for the transaction of any business except that of levying a county tax." (Rev. Stats., art. 1511); and it would seem that, as to organized counties, this would be applicable, as well to the period of time intervening between the election and the qualification of the members of the court, as after their qualification. In such cases the old officers hold over until their successors are qualified (Constitution of 1876, art. 16, sec. 17); so that in organized counties, except in cases of occasional vacancy (which the county judge is authorized immediately to supply), the court is always full. But as to the court elected with a view to the organization of an unorganized county, the case is different. Each member has, as we construe the law, at least thirty days within which to qualify by taking the oath and giving the bond required by law. (Rev. Stats., art. 1718.) In our opinion, it is not competent for the county judge and any two of the commissioners elected to organize the court before the others have qualified and before the expiration of the time contemplated by law for such qualification. If this were permitted, it would put it in the power of three of the members elect of the court to deprive their fellows of the time allowed for their qualification, or, as we construe the law, at least, temporarily, of the right to sit upon the court, and for the time being to take from the constituency which elected them the right of representation in the body which is to manage the affairs of the county. We do not think our statutes were intended to lead to such a result.

The inexpedience of the construction contended for by appellant is illustrated by the case before us. Here in a few days after the election of officers preliminary to the organization of the county, the county judge and two commissioners qualify; meet together without notice to the others, and before the time had elapsed in which they were allowed to qualify, make an order authorizing the sale of the four leagues of

school lands belonging to the county. This action was hasty, inconsiderate and unnecessary, as is shown by the fact that at the first regular meeting of the court the order was revoked. If all the members of the court had been present, it is probable the order would not have been passed.

We conclude that the meeting of the county judge and the two commissioners, without notice to the others, and before the qualification of the latter, was not legal; and that therefore the contract under which appellant claims is void. The facts in relation to this matter are undisputed, and no other proper verdict could have been returned under the evidence except a finding for the defendant. This is necessarily a decision of the case, and the judgment is affirmed.

*Affirmed.*