**J. T. SINGLETON, County Judge of Oldham County, Texas, et al., Appellants,**

v.

**Claud SMITHERS et al., Appellees.**

**No. 7150.**

Court of Civil Appeals of Texas.

Amarillo.

May 21, 1962.

Rehearing Denied June 18, 1962.

Witherspoon, Aikin, Thomas & Langley, Hereford, John L. Scott, Jr., Vega, Fike & Hunter, Dalhart, for appellants.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Harlow Sprouse, of counsel, Amarillo, for appellees.

NORTHCUTT, Justice.

This is an appeal from two suits, injunction and mandamus, which were consolidated for trial. The Canadian Valley Common School District No. 5 of Oldham County, Texas, and the Channing Independent School District of Hartley County, Texas, desired to consolidate for school purposes. These school districts were contiguous with each other. On June 24, 1960, twenty-eight persons signed and filed with the County Judge of Oldham County a petition requesting the County Judge of Oldham County, Texas, to call an election for the purpose of such consolidation. On the same date, fifty-five persons signed and filed with the County Judge of Hartley County a petition requesting the County Judge of Hartley County, Texas, to call an election for the purpose of such consolidation. On the same day,

June 24, 1960, a duplicate of the petition presented to the County Judge of Hartley County, but addressed to the County Judge of Oldham County, was presented to the County Judge of Oldham County and a duplicate of the petition presented to him was presented to the County Judge of Hartley County, Texas.

At the time the petitions, above mentioned, were filed requesting the calling of the election, the County Judge of Hartley County was ready and willing to call such election and will not be further considered herein. On June 25, 1960, four members of the County School Trustees of Oldham County, in a special called meeting, entered an order purporting to annex and/or consolidate Canadian Valley Common School District No. 5 of Oldham County, Texas to and with Vega Independent School District of Oldham County, Texas. At the time this order was entered on June 25, 1960, the trustees knew the petition above mentioned had been filed the day before with the County Judge of Oldham County. John M. Shelton was a member, at that time, of the County School Trustees of Oldham County but was not notified of that special call meeting and was not present at the meeting when that order was entered. After the order was entered on June 25, 1960, by the four county school trustees, the County Judge of Oldham County refused to take any action on the petition filed with him asking for the election and did not investigate about the qualifications of the parties signing the petition, and did not intend to take any further action upon the petition after the order by the four trustees was entered, and he so testified.

Vega Independent School District is located partially in Deaf Smith County and partially in Oldham County. The four county trustees, without the consent of anyone in Deaf Smith County or the Canadian Valley Common School District No. 5, sought to make the annexation as above stated. We are of the opinion their

action was void. One reason for holding this action as void is because Mr. Shelton, one of the County Trustees of Oldham County, was not notified of the special called session on June 25, 1960. It is stated in the case of Palmer et al. v. District Trustees of District No. 21, Tex.Civ. App., at 289 S.W.2d 344 (Writ Ref. N.R. E.), as follows:

"The transfer order in question was entered at a special meeting of the County Board of Trustees. Notice of the special meeting was not given to one member of the Board, Mr. J. C. Duncan, President of the Board, and he did not participate in the meeting. This order was clearly void under the following authorities: Art. 2687, Vernon's Ann.Civ.St.; 1 Tex.Jur.Supp., sec. 23, p. 109; Webster v. Texas & Pacific Motor Transport Co., 140 Tex. 131, 166 S.W.2d 75; Houston & North Texas Motor Freight Lines v. Johnson, 140 Tex. 166, 166 S.W.2d 78; Hildebrand on Texas Corporations, Vol. 2, p. 578, sec. 638."

Article 2682, Texas Civil Statutes, provides that the district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts. Therefore, when the petition was filed with the County Judge of Oldham County asking for the calling of an election, the judge then acquired jurisdiction of the matter and the County School Trustees did not have the right to take the action they did. Consequently the plaintiffs had no other relief than to apply to the court for relief. Wichita Common School District No. 11 et al. v. Dickens Independent School District of Dickens County et al., Tex.Civ.App., 206 S. W.2d 885, writ refused.

After the four County Trustees of Oldham County entered their order on June 25, 1960, and the County Judge of Oldham County refused to take any action on the petition filed with him, the plaintiffs brought these suits to restrain the enforcement of the order to consolidate the Canadian Valley Common School District No. 5 with the Vega Independent School District, and to compel the County Judge of Oldham County to call the election requested by the petition. On the final hearing of these cases, both the plaintiffs and the defendants presented their Motions for Summary Judgment. Defendants' motion was denied and plaintiffs' motion was granted, and the court held the purported orders and actions of the County School Trustees of Oldham County, Texas, entered on June 25, 1960, and September 8, 1960, to be invalid, illegal, and void and of no force and effect, and that the same constituted no impediment to and did not interfere with the rights of the plaintiffs to have J. T. Singleton, County Judge of Oldham County, Texas, issue an order for an election. The court ordered J. T. Singleton, County Judge of Oldham County, Texas to forthwith and with reasonable dispatch issue an order for an election, etc. (as provided by the statutes). Where the petition is in due form in all respects, the County Judge is bound to call the election. The reason given for failing to call the election in this case is practically identical with the case of Garrett, County Judge, et al. v. Unity Common School District et al., Tex. Civ.App., 211 S.W.2d 238 (Writ Ref. N.R. E.).

Since the County Judge failed and refused to take any action on the petition, filed with him, after the County School Trustees took the action they did on June 25, 1960, injunctive relief was available. County Board of School Trustees of Leon County et al. v. Leon Independent School District, Tex.Civ.App., 328 S.W.2d 928, and the cases there cited. If the District Court had the right to take the action it did to grant a temporary injunction, and we think the court had that right, any action taken thereafter that was restrained under the injunction would have

no force. However, after the District Court had entered its temporary injunction on August 12, 1960, restraining further action until final hearing, which we interpret as meaning everything was to remain as it was, the County Judge of Oldham County attempted on September 7, 1960, to find and hold there were not sufficient qualified petitioners on the petition requesting the holding of the election. Likewise, the County School Trustees of Oldham County, on September 8, 1960, attempted to take action as before and confirm their void action taken on June 25, 1960. The whole matter was then under the jurisdiction of the District Court and the trustees and the County Judge had no right to take further action.

There is no question here involved about the form of the petition and sufficiency of the number signing the petition. We think this record clearly shows there were more than twenty qualified signers to the petition here involved. The County Judge of Oldham County did, on September 7, 1960, almost three months after the petition had been filed with him, attempt to state and hold there were not twenty signers on the petition filed with him. This was an attempt at removing the jurisdiction on the petition filed with him. All of these actions were taken after the District Court had taken jurisdiction and had made its order.

Article 2806, Texas Civil Statute, Vernon's Ann.Civ.St. art. 2806, provides:

"On the petition of twenty (20) or a majority of the legally qualified voters of each of several contiguous common school districts, or contiguous independent school districts, or one or more independent school districts and one or more common school districts constituting as a whole one continuous territory, praying for the consolidation of such districts for school purposes, the County Judge shall issue an order for an election to be held on the same day in each such district."

If each of the petitions contained twenty or more legally qualified voters and the petitions were in due form the County Judge shall (and not may) issue an order for an election and perform the duties provided by said articles. Naturally, the judge should determine if there were as many as twenty qualified voters signing the petition. But in this case, the judge refused to proceed in any manner after the void action of the four county school trustees. McLemore et al. v. Stanford et al., Tex. Civ.App., 176 S.W.2d 770. The action of the County School Trustees was purely an attempt to prevent the consolidation here sought.

We cannot say under this record, and in the face of the holding of the trial court, that the county judge acted in good faith in refusing to act upon the petition as well as in his action in attempting to declare the petition did not have a sufficient number of qualified signatures. The judge testified he knew Mr. Smithers and knew that he lived in the Canadian Valley Common School District No. 5 of Oldham County, Texas, and knew he was one of the school trustees of that district, and he had a poll tax, but stated in his opinion Smithers did not have and maintain and occupy a residence in that district. About all he would ever testify to was that in his opinion they were not qualified petitioners, and those opinions were not based on proper facts testified to by him. Such findings of the County Judge may be set aside in direct attack on the grounds of fraud or bad faith. School Board of the City of Marshall et al. v. State of Texas, 343 S.W.2d 247 (Supreme Court). It is stated in the case of Womack v. Berry et al., 156 Tex. 44, 291 S.W.2d 677, by the Supreme Court as follows:

"The rule denying mandamus with respect to matters of a discretionary character is not without limitation, however, and the writ may issue in a proper case to correct a clear abuse of discretion. See City of Houston

v. Adams, [154] Tex. [448], 279 S. W.2d 308; Stakes v. Rogers, 139 Tex. 650, 165 S.W.2d 81; City of San Antonio v. Zogheib, 129 Tex. 141, 101 S.W.2d 539; Arberry v. Beavers, 6 Tex. 457, 55 Am.Dec. 791; King v. Guerra, Tex.Civ.App., 1 S.W.2d 373 (writ ref.); 55 C.J.S., Mandamus, §§ 63 and 73, pp. 100, 126; 34 Am.Jur. 858, Sec. 69; 35 Am.Jur. 31, Sec. 259. While no Texas case has been found in which the writ issued to correct the action of an officer or tribunal in a matter of discretion, the cited cases recognize the exception to the general rule."

We are of the opinion that the County Judge clearly acted in abuse of his discretion and did not act in good faith. Judgment of the trial court is affirmed.