OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



March 5, 2001

The Honorable Michael P. Fleming
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. JC-0352

Re: Whether Government Code section 551.125 permits absent members of a governmental body to participate in a meeting by telephone conference call when a quorum of the governmental body has convened in one location, and related questions (RQ-0297-JC)

Dear Mr. Fleming:

You ask a number of questions about the authority of a county commissioners court to hold an emergency meeting by telephone conference call under section 551.125 of the Government Code.[1] *See* TEX. GOV'T CODE ANN. § 551.125 (Vernon Supp. 2001). We conclude that a governmental body need not state in the notice of a section 551.125 meeting that the meeting will be held by telephone conference call. Section 551.125, in permitting a meeting by telephone conference call only in case of an emergency or public necessity and only if it is "difficult or impossible" to convene a quorum in one location, contemplates meetings by telephone conference call in extraordinary circumstances and not merely when attending a meeting at short notice would inconvenience members of the governmental body. *See id.* § 551.125(b). When a quorum of the governmental body has convened for an emergency meeting at the meeting location, section 551.125 does not permit absent members to participate in the meeting by telephone conference call. Finally, given that a court might void actions taken at a meeting for which a member does not receive notice, a governmental body should make every effort to provide every member with actual notice of meetings.

Before turning to your specific questions, we briefly review the statute at issue. Chapter 551 of the Government Code, the Open Meetings Act (the "Act"), generally requires a governmental body, such as a county commissioners court, to hold meetings by convening a quorum of its members in one location: "The Open Meetings Act contemplates that members of a governmental body participating in a meeting must be physically present unless expressly authorized to participate by other means. . . . [S]uch legislative authorizations must be strictly construed and may not be expanded to allow exceptions not expressly contemplated." Tex. Att'y Gen. Op. No. DM-478 (1998) at 4. This office has concluded that a governmental body may not permit a member to

---

[1]*See* Letter from Honorable Michael P. Fleming, Harris County Attorney, to Honorable John Cornyn, Texas Attorney General (Oct. 13, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

participate in a meeting from a remote location by telephone or videoconference call unless specifically authorized by statute to do so. *See* Tex. Att'y Gen. Op. Nos. JC-0194 (2000), DM-478 (1998), DM-207 (1993), JM-584 (1986).

Subchapter F of chapter 551 contains a number of provisions authorizing governmental bodies to hold meetings using telephone and video conferencing technology. Section 551.125 of the Government Code, the statute you ask us to interpret, is located in subchapter F. Section 551.125 provides that a governmental body may hold a meeting by telephone conference call "only if: (1) an emergency or public necessity exists within the meaning of Section 551.045 of this chapter; and (2) the convening at one location of a quorum of the governmental body is difficult or impossible; or (3) the meeting is held by an advisory board." TEX. GOV'T CODE ANN. § 551.125(b) (Vernon Supp. 2001). Section 551.045 of the Act provides that an emergency or an urgent public necessity exists "only if immediate action is required of a governmental body because of: (1) an imminent threat to public health and safety; or (2) a reasonably unforeseeable situation." *Id.* § 551.045(b) (Vernon 1994). Thus, section 551.125 authorizes a meeting by teleconference only in very limited situations.

Under section 551.125, a telephone conference call meeting is subject to the notice requirements applicable to other meetings. *See id.* § 551.125(c) (Vernon Supp. 2001). In addition, the notice of the telephone conference call meeting must specify as the location of the meeting the location where meetings of the governmental body are usually held. *See id.* § 551.125(d). Section 551.125 also imposes technical requirements, namely:

> (e) Each part of the telephone conference call meeting that is required to be open to the public shall be audible to the public at the location specified in the notice of the meeting as the location of the meeting and shall be tape-recorded. The tape recording shall be made available to the public.

> (f) The location designated in the notice as the location of the meeting shall provide two-way communication during the entire telephone conference call meeting and the identification of each party to the telephone conference shall be clearly stated prior to speaking.

*Id.* § 551.125(e), (f). Other provisions in subchapter F permit governing boards of institutions of higher education to meet by telephone conference call in similar circumstances, *see id.* § 551.121 (Vernon 1994), and provide that a governmental body may hold a meeting by videoconference call if a quorum of the governmental body is physically present at one location, *see id.* § 551.127 (Vernon Supp. 2001).

We now turn to your questions about section 551.125. As a threshold matter, we note that your questions assume that a commissioners court, the meetings of which are also governed by chapter 81 of the Local Government Code, is authorized to hold an emergency meeting under the

Open Meetings Act. Section 551.045 of the Government Code authorizes a governmental body to hold a meeting with only two hours notice in cases of an emergency or urgent public necessity. *See id.* § 551.045 (Vernon 1994). Although section 81.005(a) of the Local Government Code requires a commissioners court to establish a weekly, monthly or quarterly time to convene in regular term, subsection (b) of that statute provides that "[t]he county judge or three county commissioners may call a special term of the court." TEX. LOC. GOV'T CODE ANN. § 81.005(a), (b) (Vernon Supp. 2001). As section 81.005(b) authorizes a commissioners court to hold a meeting other than at regular term, we conclude that a commissioners court may hold an emergency meeting under the Open Meetings Act.

First, you ask if "the notice of the telephone conference call meeting [must] expressly state that the meeting will be conducted as a telephone conference call meeting?" Request Letter, *supra* note 1, at 1. We conclude that the notice need not state that the meeting will be conducted as a telephone conference call.

The legislature has expressly provided a number of requirements that the notice of a section 551.125 meeting must satisfy; the requirement that the notice state that the meeting will be held as a telephone conference call is not among them. *See* TEX. GOV'T CODE ANN. § 551.125 (Vernon Supp. 2001). Again, section 551.125 expressly provides that notice of a telephone conference call must specify as the location of the meeting the location where meetings of the governmental body are usually held. *See id.* § 551.125(d). In addition, section 551.125 also states that such a meeting is subject to the notice requirements applicable to other meetings. *See id.* § 551.125(c). These requirements include the general requirements of section 551.041 regarding the date, hour, place, and subject of each meeting and the special requirements for emergency meetings in sections 551.045 and 551.047, including the requirement that the notice "clearly identify the emergency or urgent public necessity," *id.* § 551.045(c) (Vernon 1994), and that special notice be given to members of the news media who request it, *see id.* § 551.047. Given these detailed notice requirements, we do not believe the legislature intended to require governmental bodies to provide notice that a section 551.125 meeting will be held by telephone conference call.

Of course, although the Act does not require it, a governmental body may certainly include in the notice the fact that the meeting will be conducted as a telephone conference call. We caution, however, that if a governmental body has a practice of stating in its notices that a meeting will be conducted as a telephone conference call, an unannounced change in this practice could affect the adequacy of notice. *See* Tex. Att'y Gen. Op. No. JC-0057 (1999) at 4-5 ("The governmental body's usual practice in formulating notice may also be relevant to its adequacy in a particular case, depending on whether it establishes particular expectations in the public about the subject matter of the meeting.") (relying on *River Rd. Neighborhood Ass'n v. S. Tex. Sports*, 720 S.W.2d 551, 557 (Tex. App.–San Antonio 1986, writ dism'd)).

Next you ask: "What is the meaning of 'difficult or impossible' as used in Section 551.125(b)?" Request Letter, *supra* note 1, at 1. The Code Construction Act provides that "words and phrases that have acquired a technical or particular meaning, whether by legislative definition

or otherwise, shall be construed accordingly." Tex. Gov't Code Ann. § 311.011(b) (Vernon 1998). Absent such a meaning, words and phrases are "read in context and construed according to the rules of grammar and common usage." *Id.* § 311.011(a). The phrase "difficult or impossible" is not defined in section 551.125(b) or in section 551.121, another Open Meetings Act provision predating section 551.125 that authorizes governing boards of institutions of higher education to hold meetings by telephone conference call in certain limited situations, *see id.* § 551.121(c)(2) (Vernon 1994). Nor are we aware of any other statute or judicial or attorney general opinion construing the phrase. For this reason, we construe the phrase in context and according to the common dictionary definitions of the words "difficult" and "impossible."

Section 551.125 permits a meeting by telephone conference call if an emergency or public necessity exists and "the convening at one location of a quorum of the governmental body is *difficult or impossible.*" *Id.* § 551.125(b) (emphasis added). "Difficult" means "[n]ot easy; requiring effort or labour; occasioning or attended with trouble; troublesome, hard." IV Oxford English Dictionary 641 (2d ed. 1989). "Impossible" means "[n]ot possible; that cannot be done or effected . . . ." VII Oxford English Dictionary 732 (2d ed. 1989). Section 551.125, in permitting a meeting by telephone conference call only in case of an emergency or public necessity and only if it is "difficult or impossible" to convene a quorum in one location, contemplates meetings by telephone conference in extraordinary circumstances and not merely when attending a meeting at short notice would inconvenience members of the governmental body. Whether the convening at one location of a quorum of a governmental body is difficult or impossible in a particular circumstance, however, would involve questions of fact beyond the purview of an attorney general opinion.

You also ask: "If a quorum of the Commissioners Court physically appears at the location designated in the notice as the location of the meeting, may or must the other members of the Court be joined in the meeting by telephone conference call?" Request Letter, *supra* note 1, at 1. We conclude that if a quorum of a commissioners court appears at the meeting location, section 551.125 does not authorize other members to participate from other locations by telephone conference call. Again, section 551.125 authorizes a meeting by telephone conference only on certain conditions, including (except in the case of advisory boards) the condition that "convening at one location of a quorum of the governmental body is difficult or impossible." Tex. Gov't Code Ann. § 551.125(b)(2) (Vernon Supp. 2001). Section 551.125 permits meeting by teleconference only when a quorum of the governmental body is not located in one place. If a quorum of the court appears at the meeting location, section 551.125 does not apply and would not authorize the participation of other members by telephone. This office reached a similar conclusion with respect to section 551.121, which authorizes the governing board of an institution of higher education to hold a special called meeting by telephone conference call if "the convening at one location of a quorum of the governing board is difficult or impossible," *id.* § 551.121(c)(2) (Vernon 1994), opining that that statute did not permit a governing board to allow absent members to participate by teleconference call in regular meetings at which a quorum was present. *See* Tex. Att'y Gen. Op. Nos. JC-0194 (2000) (affirming conclusion of Attorney General Opinion DM-478 (1998)); DM-478 (1998).

Finally, you ask: "In setting up the telephone conference call, what level of effort must be made to contact the members of the Court not physically present at the designated location of the meeting?" Request Letter, *supra* note 1, at 1. Your memorandum brief suggests that the officer in charge of organizing the meeting need only make a good faith effort to provide notice to and to contact members of the court. *See* Memorandum at 4, attached to Request Letter, *supra* note 1. We caution, however, that because a court might void an action taken at a meeting for which a member does not receive notice, a governmental body should make every effort to provide every member with actual notice of meetings.

The Open Meetings Act establishes requirements governmental bodies must follow for providing notice of their meetings to the public. *See, e.g.,* TEX. GOV'T CODE ANN. §§ 551.041 (Vernon 1994) (notice requirement); .043 (notice must be posted at place readily accessible to the public). As one court has noted, "The members of the interested public are the 'intended beneficiaries of the Act,' and as long as the public is informed, the purpose of the Open Meetings Act is fulfilled. It is irrelevant whether the individuals most likely to be affected are given notice." *Markowski v. City of Marlin*, 940 S.W.2d 720, 725-26 (Tex. App.–Waco 1997, writ denied). Similarly, we believe the Act does not govern governmental bodies' duty to provide notice of meetings to their members.

We have not been able to locate any statute or case that specifies the "level of effort" that must be made to notify members of a governmental body of a meeting of the body. Case law predating the Open Meetings Act suggests, however, that a governmental body may not hold a valid meeting or take a valid action without providing notice of the meeting to all of its members. As the Texas Supreme Court stated in *Webster v. Texas & Pacific Motor Transport Co.*, 166 S.W.2d 75 (Tex. 1942):

> [W]here the Legislature has committed a matter to a board, bureau, or commission, or other administrative agency, such board, bureau, or commission must act thereon as a body at a stated meeting, or one properly called, and *of which all the members of such board have notice, or of which they are given an opportunity to attend.* Consent or acquiescence of, or agreement by the individual members acting separately, and not as a body, or by a number of the members less than the whole acting collectively at an unscheduled meeting without notice or opportunity of the other members to attend, is not sufficient.

*Webster*, 166 S.W.2d at 76-77 (emphasis added); *see also Cassin v. Zavalla County*, 8 S.W. 97, 98 (Tex. 1888) (holding illegal meeting convened by county judge and two commissioners prior to qualification of two remaining commissioners and for which latter were not provided notice). Following *Webster*, courts have voided the actions of governmental bodies taken at meetings of which a member did not receive notice. *See Singleton v. Smithers*, 359 S.W.2d 152, 153-54 (Tex. Civ. App.–Amarillo 1962, writ ref'd n.r.e) (action of county board of trustees was void because one

county trustee was not notified of special called session) (citing *Webster*); *Palmer v. Dist. Trs.*, 289 S.W.2d 344, 345 (Tex. Civ. App.–Texarkana 1956, writ ref'd n.r.e.) (holding county board of trustees order void where notice of meeting was not given to one member of the board and board member did not participate in the meeting) (citing *Webster*); *see also Cassin*, 8 S.W. at 98 (voiding contract entered into by county judge and two commissioners prior to qualification of two remaining commissioners and at a meeting for which latter were not provided notice). Although the general notice of a meeting provided to the public under the Open Meetings Act may be sufficient to inform a member of a governmental body of a regularly scheduled meeting, we suggest that the commissioners court agree to procedures for contacting each member of the court on short notice so that the court may provide each member with actual notice of emergency meetings.

# S U M M A R Y

A governmental body need not state in the notice of a meeting that the meeting will be held by telephone conference call pursuant to section 551.125 of the Government Code. *See* TEX. GOV'T CODE ANN. § 551.125 (Vernon Supp. 2001). Section 551.125, in permitting a meeting by telephone conference call only in case of an emergency or public necessity and only if it is "difficult or impossible" to convene a quorum in one location, contemplates meetings by telephone conference call in extraordinary circumstances and not merely when attending a meeting at short notice would inconvenience members of the governmental body. *See id.* § 551.125(b). When a quorum of the governmental body has convened for an emergency meeting at the meeting location, section 551.125 does not permit absent members to participate in the meeting by telephone conference call. Given that a court might void actions taken at a meeting for which a member does not receive notice, a governmental body should make every effort to provide every member with actual notice of meetings.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee